FILED
AUG 2 5 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

Plaintiff's Name ANTONIO FAHIE
Inmate No. T94542
Address KERN VALLEY STATE PRISON
P.O. BOX 5103 DELANO, CA 93216

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO FAHIE
(Name of Plaintiff)

1: 06 CV 01132 AWI LJO PC
(Case Number)

vs.

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

H. TYSON, C. SMITH
C. RIOS, N. CORREA
R. MORALES
D. GRIEWICH
(Names of all Defendants)

**I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):**

A. Have you brought any other lawsuits while a prisoner? Yes ___ No X

B. If your answer to A is yes, how many? __________
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff ______________________________

Defendants ______________________________

2. Court (if Federal Court, give name of District; if State Court, give name of County)

______________________________

3. Docket Number ______________ 4. Assigned Judge ______________

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

______________________________

6. Filing date (approx.) ______________ 7. Disposition date (approx.) ______________

## II. Exhaustion of Administrative Remedies

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes X No___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes X No___

If your answer is no, explain why not

C. Is the process completed?

Yes___ If your answer is yes, briefly explain what happened at each level.

No X If your answer is no, explain why not.

MR. D. GRIEWICH THE APPEAL COORDINATOR ODSTRUCTED MY DUE PROCESS BY NOT RESPONDING TO MY CDC 602 OR MY LETTER ASKING ABOUT A LOG NUMBER FOR MY CDC 602. MY CDC 602 WAS NOT LOG IN FOR PROCESS.

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

Antonio Fattie T-94542
Kern Valley State Prison
C.3.102
P.O. Box 5103
Delano, CA 93216

United States District Court
Eastern District of California

Antonio Fattie
Plaintiffs
V.
Defendants
H. Tyson, C. Smith, O. Ericewich
C. Rios, R. Morales
N. Correa

(Civil Complaint)
"Jury trial Demanded"
Violation of federal constitutional Rights under 42 USC §§ 1331(a) 1343

PRELIMINARY Statement

This civil action filed By Antonio Fattie a State prisoner. for damages and injuctive Relief under 42 U.S.C § 1983, alleging Misuse of force conspiracy to obstruct, infrigment of Due Process, false statement on criminal Report, and assault and Battery with malicious intent, Bribery in Violation of the 1st, 5th, 8th and 14th Ammendment U.S. constitutional Rights

Jurisdiction

1. The court has Jurisdiction over the Plaintiffs claim of violation of federal constitutional Rights under 42 USC §§ 1331(a) 1343 plaintiffs seek declaratory Relief pursuant to 28 USC sec. 28 USC sec 2201 and 2202.

2. The court has supplemental Jurisdiction over the Plaintiffs

claims of violation of federal constitutional rights under 42 USC §§ 1331 (a) and 1343. Plaintiff seeks declatory relief pursuant to 28 U.S.C secs. 2201 and 2202.

2. The court has supplemental jurisdiction over the plaintiffs state law tort claims under 28 USC § 1367.

3. Plaintiff

Plaintiff Antonio Fahie T-94542 is and was at all times mentioned herein a prisoner of the state of California in the custody of California Department of Corrections. He is currently housed confined in

4. Defendants

5. Defendant Captain H. Tyson is a captain assigned to C facility at all times metioned herein and was assigned to KVSP

6. N. Correa, Defendant is a correctional officer who was assigned to C facility yard at all times mention herein and was assigned to KVSP

7. Defendant C. Rios is a correctional officer who was assigned to C facility yard at all times mention herein and was assigned to KVSP

8. Defendant R. Morales is a correctional officer who was assigned to C facility yard at all times mention herein and was assigned to KVSP

9. Defendant Sgt C. Smith is a sargent who was assigned to C facility at all times mention herein and was assigned to. K.U.S.P

10. Defendant D. Gricewich is an appeals coordinator who was assigned to C facility at all times mention herein and was assigned to K.U.S.P

(FACTS)

On March 10, 2006 Petitioner was going out to yard for Recreation at 1:30 PM. As Petitioner exited the building 3 facility C a line of correctional officers of 10 or more were standing directly out side the building for a procedural security search. after getting searched by unknown officer Petioner walked about 15 yards towards the basketball court when Petitioner was approached by inmate Fountain E-80028 and had a brief exchange of words which lead to inmate fountain attempt to try to strike petitioner. at which at that time Petitioner blocked inmate fountains punch. at which time the yards emergency alarm sounded and was instructed by all yard correctional officers by way of yelling "get down". I was told By c/o Correa to lay on my stomach and put my hands behind my back at which Petitioner complied to the order he then proceeded to handcuff Petitioner. He c/o Correa told Petitioner to get up. after getting

up c/o Correa and Petitioner began walking to the program office when Petitioner and c/o Correa got nearly halfway across the yard c/o Correa asked Petitioner what kind of problems are you trying to create in a harsh tone. Petitioner then stated that he did not do anything wrong. c/o Correa replied in a hostile tone "You are full of shit". Petitioner replied back to Correa By your your tone in your voice you sound like you want to whip my ass. Immediately after c/o Correa hit me in the Jaw with his closed fist and then threw Petitioner down to the ground on the grass in the middle yard while still in handcuffs. at which time c/o Correa said in a soft tone so no one could hear but me. Maybe you will think twice before getting smart with me. after that remark he shouted for an officer to give him some leg restraints. Due to c/o Correa's assault on Petitioner he broke Petitioners Jaw scraped and bruised Petitioners Back and sprained petitioners thumb. See: (exhibit A ). after c/o Correa asked for leg restraints to put on Petitioner correctional officers C. Rios and R. Morales walked over from standnin from of Building 3 with the leg restraits. after putting on the leg restraints. Correctional officers C. Rios and R. Morales walked Petitioner the

Rest of the way to the PROGRam office where Petitioner was taken to a Room with cages and Put inside the cage and examined By a Medical Assistant Named Ms. Massey where she filled out CDC-7219 noting all injuries. After waiting a couple of hours in the cage. Released back to my cell at which I Put on state issued clothes. I Petitioner was let out soon after to walk from Yard C to a van out side the yard. where at which time I Driven to CTC a hospital located inside the PRison. when I arrived at CTC I was X-Rayed By J. Williams and it was determined that my Jaw was Broken see (exhibit B ). Around 7:30 pm Sgt. Smith came to CTC and picked me up from CTC to escourt me Back to Yard C By way of walking. As Petitioner was walking Back with Sgt. Smith he express his wanting to file a complaint on officer Correa for hitting him in his Jaw. Sgt Smith them told Petitioner that if he wanted to file a complaint That Petitioner would be Put in ad-seg. as Petitioner and Sgt. Smith neared coming back to C yard Sgt. Smith told Petitioner that he will have to make a taping of what he wanted to say about the incident and Reminded Petitioner that he Sgt Smith would make sure that Petitioner would Be locked up in (ad-seg) administrative segragation where he would be deprived all priviliges for no Reason that would ligitemitty warrent them doing

so, ad-seg would hender petitioners relief for getting assault by officer considering the facts that petitioner would have limited or no access to witnesses statements limited or no access to law library and would not have been able to get the officers name who assaulted him. Knowing this petitioner decided to say what sgt. Smith wanted him to say. When getting back to the program office an unknown retrived a video camera before he began taping sgt. Smith told me that I have to make my statement look believable. sgt Smith then told me to say his officer did not use excessive force and that you didn't know where the injuries came from. After making the tape of which sgt Smith induced petitioner to make a false statement on tape by way of coersion. On March 16, 2006 petitioner sent out a Inmate 602 complaint concerning the events on March 10, 2006. see (exhibit C). Appeals coordinator D. Griewich failed to respond to 602 and responding to a follow up letters asking about the progress of petitioners complaint and if petitioner was given a log number. Griewich failed to respond.
On 3/19/06 petitioner recieved his Serious Rule Violation about the events that happened on March 10 2006 with inmate Fahie. Quilkly noticing that I was not given a full report I also noticed that correctional officers C. Rios, R. Morales and N. Correa gave false statements on on a CDC 128B (Rev. 4/74) see (exhibit D). that night petitioner submitted a

(CDC 602) complaint about officers C. Rios, N. Correa and R. Morales false statements. On April 5, 2006 Petitioner submitted a letter to follow on (CDC 602) about C. Rios, N. Correa and R. Morles false statement on a report. (See exhibit E). Failing to recieve a response from appeals coordinator D. Gricewich for all 602 complaints and follow up letters mentioned in exhibits C D and E, Petitioner wrote a (602 complaint) on appeals coordinator D Gricewich for obstructing and infringing apon Petitioners due process, see (Exhibit F.) on March 23, 2006.

Exhibit A

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
# PHYSICIAN REQUEST FOR SERVICES

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| | | |
|---|---|---|
| PATIENT NAME Fahie, A. | CDC NUMBER T94542 | INSTITUTION KVSP |
| DATE OF BIRTH 11-11-57 | EPRD DATE | GENDER Male |
| PRINCIPLE DIAGNOSIS Fx Mandible | ICD - 9 CODE | CPT CODE(S) |
| REQUESTED SERVICE(S) ENT | | # OF DAYS RECOMMENDED |

*Please circle all that apply:* Diagnostic Procedure/Consultation Outpatient/Inpatient Initial/Follow-up

Requested Treatment/Service is: EMERGENT URGENT ROUTINE

*For the purpose of retrospective review,* if emergent or urgent, please justify:

Proposed Provider: Anticipated Length of Stay:

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer):

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant)*: 48 y/o c̄ Fx mandible, Rt. minimal displacement, no problems breathing or swallowing

Estimated time for service delivery, recovery, rehabilitation and follow-up:

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months):

Comments (diagrams, risk factors, prognosis, alternative management, etc.):

| | | |
|---|---|---|
| REQUESTING PHYSICIAN PRINTED NAME | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE 3/10/6 |
| REQUESTING PHYSICIAN SIGNATURE | DATE | Utilization management tracking #: |

| | |
|---|---|
| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT |

FINDINGS:

RECOMMENDATIONS:

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED:

| | | |
|---|---|---|
| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH<br>Fahie<br>T94542<br>11-11-57<br>C3102 |
| ETA RN SIGNATURE | DATE | |
| PCP SIGNATURE | DATE | |

**Attach Progress Note page for additional information.**

**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

| DATE | TIME | PROB # | |
|---|---|---|---|
| 5/11/6 | 1630 | | S: (history includes details pertinent to the patient's medical complaint) |
| | | | O/o sucker punched. Pain in |
| | | | Rt jaw c̄ full opening 10/10. |
| | | | O/W OK. |
| | | | |
| | | | |
| | | | O: (physical assessment) T: P: R: B/P: Wt: |
| | | | Gen: Alert + Calm ♂ |
| | | | Op- airway clear |
| | | | No gross swelling of face |
| | | | |
| | | | xray: minimally displaced Fx |
| | | | of Rt mandible |
| | | | A: (medical/nsg diagnosis. MTAs may not independently analyze or interpret data.) |
| | | | Fx Mandible |
| | | | |
| | | | P: (MTA – referral to a higher licensure for prioritization and evaluation.) (RN -action to be taken by the RN so that the patient receives appropriate medical care.) |
| | | | -Boost |
| | | | -Vicodin |
| | | | Refer to DDS or ENT for Tx. |
| | | | E: (education provided) |
| | | | [signature] S [illegible] |

INSTITUTION KVSP

ROOM / WING

OUTPATIENT INTERDISCIPLINARY
PROGRESS NOTES

CDC NUMBER, NAME, (LAST, FIRST, MI)

Fahie, A.

~~T95542~~

T94542

CDC 7254 (8/89)

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

Exhibit B

DEPARTMENT OF CORRECTIONS STATE OF CALIFORNIA

**REQUEST FOR X-RAY**

| NAME | NUMBER | HOUSING | SEX | HEIGHT | WEIGHT |
|---|---|---|---|---|---|
| Fabric, Antonio | T94572 | C 3/102 | | | |

CHECK APPROPRIATE BOX

☐ ROUTINE ☐ STAT

| X-RAY VIEWS REQUIRED | TECH. | FILMS | EXP. |
|---|---|---|---|
| (R) Jaw series | | | |

BRIEF HISTORY

(R) Hit in (R) jaw R/O fracture

US Offr

SIGNATURE OF ORDERING PHYSICIAN DATE 3-10-6

CDC-7214 (9/77)

Exhibit C

COPY

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. ______ 2. ______
Log No. 1. ______ 2. ______
Category ______

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| FAhiE | T94542 | | C3-102 |

A. Describe Problem: ON 3/10/06 I INMATE FAhiE T94542, WAS going OUT TO YARD ON C3-FACILITY AT AROUND 1:30 PM. THAT EVENING. WHEN I WALK OUT OF THE BUILDING A LINE OF OFFICER'S, AROUND 10 OR MORE WAS WAITING TO SEARCH US AS WE WALK OUT OF THE BUILDING. AND AFTER BEING SEARCH. I WALK OUT TO THE YARD, AND A INMATE WALK UP TO ME. AND TRY TO HIT ME. BUT I BLOCK IT With my HANds. AND THEN THE ALARM WENT OFF. SEE ATTACH

If you need more space, attach one additional sheet.

B. Action Requested: I WOULD LIKE FOR INTERNAL AFFAIRS INVESTIGATATION OF THIS MATTERS THERE OF. AND FOR ALL OFFICERS INVOLED TO BE REPREMANDED ACCORDINGLY

Inmate/Parolee Signature: Antonio Fahie Date Submitted: 3/16/06

C. INFORMAL LEVEL (Date Received: ______)

Staff Response: ______

Staff Signature: ______ Date Returned to Inmate: ______

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

"Additional sheet."

And I, And The Hold yard was Told To get Down. I was on my stomach And Hands Behind my Back. C/O Correa Put His Hand cuffs on me. And Then C/O Correa And Another officer started Taking me Across The yard. When we was Half way in The middle of The yard. C/O Correa started saying Things To me, Like what Kind of shit was I Pulling. And I Told Him That I Did not Do Anything. And C/O Correa, said To me That I was Full of shit, And That I should not Fuck Around. And I Mr Fabie Told C/O Correa. He act Like He want To Kick my Ass. Then C/O Correa Trun And Hit me in my Jaw with His Fist, And Then He Through me Down on The Grass. And Then He call For some Legs cuffs. Then C/O Correa walk Away And Two other C/O officers walk me To The Program office. And From There They Took me To get X Rays on my Jaw. And That was when I Found out That my Jaw was Broken. Around 7:30 Pm. on 3/10/06 sgt. Smith came To Pick me up From C.T.C. To walk me Back To C3-Facility. As I And sgt. Smith, was walking. I inform sgt. Smith That I was Ready To File my complaint on C/O Correa For Attackeding me while I was in Hand cuffs. And Then sgt. Smith Told me That If I File A Complaint on His officer C/O Correa, He would see To it That I Be Locked up in Ad.seg And Maybe Be Transfered. Then sgt. Smith

STATED TO ME, THAT THE ONLY WAY I would BEABLE TO COME BACK ON C-3 YARD FACILITY. I would HAVE TO go ON TAPE AND SAY THAT HIS OFFICER did NOT USE EXSESSIVE FORCE, AND THAT HE did NOT BRAKE my JAW. And THEN SGT. SMITH WENT AHEAD AND Told me THAT I had To MAKE IT SOUND REAL ENOUGH TO WHERE THEY WILL BELIEVE ME.

KERN VALLEY STATE PRISON
ANTONIO FAHIE T94542
C 3-102L
P.O. BOX 5103
DELANO, CA. 93216

APRIL 13. 2006

To APPEAL COORDINTOR

I ANTONIO FAHIE T94542 A INMATE ON C YARD3-102L FILE A CDC 602 ON MARCH 16, 2006. AND I WOULD LIKE TO KNOW WHEN WOULD I BE GETTING A LOG NUMBER FOR MY CDC 602? SO THAT I CAN MOVE ON TO MY NEXT LEVEL? I CAN NOT DO ANYTHING AT THIS POINT UNTIL I HEAR FROM YOU AND RECEIVE MY LOG NUMBER. CAN YOU GIVE ME A RESPONSE AS SO AS POSSIBLE.

Thank you
Antonio Fahie

KERN VALLEY STATE PRISON
ANTONIO FAHIE T94542
C 3 - 102
P.O. BOX 5103
DELANO, CA. 93216
march, 30. 2006

To APPEAL COORDINTOR

I AM A INMATE ON C YARD MY NAME IS ANTONIO FAHIE T94542 C-3-102. I FILE A CDC 602 ON MARCH 16, 2006. I AM WRITTEN YOU TO FIND OUT IF YOU RECEIVED MY CDC 602, AND TO FIND OUT WHAT IS MY LOG NUMBER FOR MY CDC 602. I NEED TO GET A ANSWER ON THIS MATTER SO THAT I CAN CONTINUE ON TO MY NEXT LEVEL OF MY (CDC 602) = COMPLANT: I AM LOOKING FORWARD TO HEARING FOR YOU REAL SOON.

THANK YOU
Antonio Fahie

Exhibit D

804 SENT TO RECORDS ON 3/10/06 BY

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| T-94541 | FAHIE | | KVSP | FCB3-102L | FC-06-03-0021 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(C) FORCE AND VIOLENCE | MUTUAL COMBAT | | 3-10-06 | 1345 |

CIRCUMSTANCES

On Friday March 10,2006, While performing my duties as Facility 'C' housing unit 4 Floor Officer, I was conducting Yard release in front of housing unit #3 at approximately 1345 hours. I observed Inmate FAHIE,A.,T-94542,FCB3-102L, And Inmate FOUNTAIN,J.,E-80028, FCB3-103U, Turn towards each other as to start fighting. I observed both Inmates strike each other in the facial area with their fists. I ordered both Inmates to stop their actions and get down along with responding staff who was also conducting yard release. Both Inmates stopped their actions and lay on the ground. Responding staff arrived and placed both Inmates in handcuffs and escorted them to Facility 'C' Medical Clinic where a CDC-7219 was completed on both inmates. Inmate FOUNTAIN was rehoused on the upper side of the yard and Inmate FAHIE was returned to his assigned cell. Neither Inmate claimed the other as an enemy. Both Inmates are aware of this report. Inmate FAHIE IS / IS NOT A PARTICIPANT IN THE MENTAL HEALTH DELIVERY SYSTEM AT THE CCCMS LEVEL OF CARE. INMATE FAHIE READING LEVEL IS / IS NOT GREATER THAN 4.0.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. Ballesteros Correctional Officer [signature] | 3/10/06 | Unit #4 Floor #1 | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| M. BROWNFIELD, Correctional Sergeant [signature] | 3/14/06 | DATE N/A LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D 61-90 | 3-23-06 | G. Brennan [signature] Lt | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☐ CDC 115 | [signature] | 3/23/06 | 0915 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |

CDC 115 (7/88)

State of California

**NAME and NUMBER** FAHIE T-94542 C3-102

Department of Corrections

CDC 128B (REV. 4/74)

On March 10,2006, at 1350 Hours, while performing my duties as C-Yard #2, I responded to a yard down in front of BLDG.-3. Upon my arrival, I observed Inmate FAHIE, CDC# T-94542, in handcuffs. Officer Morales and I started to escort FAHIE, during the escort FAHIE stopped walking and attempted to lean backand lie down on the ground, becoming passive resistant by refusing to walk. I placed my right hand on FAHIE'S shoulder and guided him to the ground so that he would not fall. FAHIE was placed in leg restraints, and escorted to the C-Facility program office and placed in holding cell #5. A 7219 was done by the MTA, noting injuries from Mutual Combat.

ORIG: C-File
cc: Inmate
CC-II
Writer

N. Correa, Correctional Officer
Facility 'C' Yard #2, 2/W
Kern Valley State Prison

**DATE:** 3/10/06

State of California

**NAME and NUMBER** FAHIE T-94543 FC3-102

Department of Corrections

CDC 128B (REV. 4/74)

On March 10, 2006, at approximately 1350 hours, while performing my duties as Facility 'C' Yard Officer #4, I responded to a verbal alarm via Radio Traffic in front of Housing Unit #3. When I arrived, I observed inmate FAHIE (T-9453; FC3-102) in handcuffs. Correctional Officers R. Morales and N. Correa started to escort FAHIE, while conducting the escort, FAHIE, stopped walking and acted like he was going to lie down on ground, becoming passive resistant by refusing to walk. He leaned his body weight back into Officer Correa in attempt to fall down. Officer Correa took him by the shoulders and forced him down on the ground so he would not fall. At this point he was placed in leg restrains and I took over the escort, Officer Morales and I escorted him to Facility 'C' Program Office Holding Cell #5, without any further rpbolems. A CDC-7219 Report of Injury/Unusual occurrence was completed by Facility 'C' Medical Staff noting injuries from the Mutual Combat.

cc: C-File
Inmate
CC-II
Writer

C. RIOS Correctional Officer
Facility 'C' Yard Officer #4
Kern Valley State Prison

**DATE:** 3/10/06

State of California
**NAME and NUMBER** FAHIE T-94542 C3-102

Department of Corrections
CDC 128B (REV. 4/74)

While perfoming my duties on March, 10, 2006, at 1300 hours, as C2-floor #2 I responded to a verbal alarm via radio traffic to housing unit #3. When I arrived I observed Inmate FAHIE, (T-94542) C3-102L in handcuffs. Officer Correa and I started to escort Inmate FAHIE. While conducting the escort Inmate FAHIE, stopped walking and acted like he was going to lie down on the ground becoming Passive Resistant by refusing to walk. He leaned his body weight back into Officer Correa in an attempt to fall down. Officer Correa took him by the shoulders and forced him to the ground so he would not fall. At this point he was placed in leg restrains and escorted alone with Officer C. Rios to the Facility 'C' program office holding cell #5 without any futher problems. A CDC 7219 report of Injury/unusual Occurrence was completed by Facility 'C' Medical Staff nothing Injuries from the Mutal Combat.

R. MORALES Correctional Officer
Facility 'C' C2-Floor #2
Kern Valley State Prison

C-File
Inmate
CCII
Writer

**DATE:** 3-10-06

Exhibit E

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. ____________
2. ____________

Log No.
1. ____________
2. ____________

Category
____________

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| FAhIE | T94542 | | C3-102L |

A. Describe Problem: ON 3/19/06 WHEN C/O LOZANO BROUGH ME A COPY OF MY CDC 115 REPORT I TOLD HER THAT C/O C RIOS, C/O R. MORALES & C/O N. CORREA HAD MADE FALSE REPORT IN THEY REPORT ON THE INCIDENT ON 3/10/06

If you need more space, attach one additional sheet.

B. Action Requested: I WOULD LIKE FOR THE RECORD THE ACTION BE TAKEN ON THESE C/O OFFICERS IN THIS CDC 602. AND THAT THEY BE REPERMANDED FOR MAKING A FALSE STATEMENT IN THEY REPORT ON ME THANK YOU

Inmate/Parolee Signature: Antonio Fahie Date Submitted: 3/23/06

C. INFORMAL LEVEL (Date Received: ____________)

Staff Response: ____________

Staff Signature: ____________ Date Returned to Inmate: ____________

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ____________ Date Submitted: ____________

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

ANTONIO FAHIE T94542
C3-102
P.O. BOX 5103
DELANO, CA. 93216
4/5/06

TO THE APPEAL COORDINTOR

I FILE A COMPLANT IN THE FORM OF A CDC 602 ON 3/29/06 MY NAME IS ANTONIO FAHIE T94542 C3-102L. I NEED TO FIND OUT WHY I AM NOT RECEIVING ANY ANSWER'S TO MY CDC 602'S OR LETTER'S THAT I HAVE SENT INTO YOU THE APPEAL COORDINTOR. I NEED MY LOG NUMBER'S ON ALL THE CDC 602 COMPLANT THAT I HAVE SENT IN FROM MARCH 16, 19, OF 2006 IF I DONT RECEIVED ANY ANSWER'S FROM YOU IN A RESPECTABLE TIME. I WILL BE FORCE TO MOVE FORWARD WITH MY COMPLANIT AND INCLUDE YOU IN MY COMPLAINT FOR OBSTRUCTING MY DUE PROCESS IN MY CDC 602 COMPLAINTS

THANK YOU
Antonio Fahie

Exhibit F

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. ______ 2. ______
Log No. 1. ______ 2. ______
Category ______

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| FAhiE | 794542 | | C3-102 |

A. Describe Problem: I Am Complainting on The Appeal Coordinator D. Griewich For not Answering Any of my CDC 602 And Letter's. One was File on 3/16/06 About C/O Correa And Sgt C. Smith; About when C/O Correa Hit me in my Jaw And slam me Down To The Ground while I was in Hand cuffs, And For Sgt. C. Smith For coercing me By away of Threating me To go on Tape or go To Ad: seg; And You Also Refuse To Answer my Follow up Letter on March 30, 2006 Asking you For

If you need more space, attach one additional sheet. SEE ATTACH SHEET

B. Action Requested: ______

Inmate/Parolee Signature: Antonio Fahie Date Submitted: 4/20/06

C. INFORMAL LEVEL (Date Received: ______)

Staff Response: ______

Staff Signature: ______ Date Returned to Inmate: ______

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

ADDITIONAL SHEET

MY LOG NUMBER FOR MY CDC 602 FILE ON 3/16/06. YOU STILL DID NOT ANSWER MY LETTER. SO I WROTE YOU ANOTHER ON 4/17/2006. ASKING YOU TO RESPOND TO MY LAST LETTER. ALL I WANTED WAS MY LOG NUMBER FOR MY CDC 602. AND YOU DID NOT GIVE ME ANY ANSWER TO MY LETTER OR CDC 602. I ALSO FILE A CDC 602 ON 3/23/06 WHILE WAITING ON A REPILE I WROTE A LETTER ON 4/5/06 ASKING THE APPEAL COORDINATOR FOR A LOG NUMBER ON MY CDC 602. AND THERE WAS KNOW ANSWER FROM THE APPEAL COORDINATOR. THIS IS MY LAST ATTEMP TO GET A LOG NUMBER FOR ALL MY CDC 602 COMPLAINT THAT HAS BEEN FILE ON MY BEHALF TO THE APPEALS COORDINATOR. MY NEXT STEP IS TO TAKE MY COMPLAINT TO THE COURTS

THANK YOU

Antonio Fahie

Claim 1

officer Correa committed assault and Battery on March 10, 2006. and also committed fraud

Claim 2

officer Sgt C. Smith committed bribery and conspired with other officials to cover up assault on Petitioner by officer Correa on March 10, 2006. Sgt. Smith also coerced false statement by use of threat to cover up assault on Petitioner.

Claim 3

officer C. Rios conspired with officer Correa and officer R. Morales to cover up the assault on Petitioner by submitting false statements.

Claim 4.

officer R. Morales conspired with officer Correa and officer Rios to cover up the assault on Petitioner by submitting false statements.

Claim 5.

appeals coordinator (D. GRICEWICH) obstructed due process by failing to respond to numerous letters and original administrative 602 complaints. giving Petitioner no ligitiment avenue of going through the correct administrative complaint procedures.

Claim 6

CPT. H. TYSON is responsible for not removing officer N. Correa from the yard prior to the assault and battery on March 10, 2006 to Petitioner for privious misbehavior.

Relief

Petitioner seeks "Punitive and compensitory damages" in the amount of $100,000.00

Petitioner also seeks "injuctive relief" by removing all said Defendants herein this complaint off facility C here at Kern Valley state Prison to protect The Petitioner from random acts of harrasment or Retaliation from officers herein.

I declare under penalty of purjury that the foregoing is true and correct

Executed this 19 day of July, 2006 at Kern Valley state Prison, Delano, CA. 93216-5103

x Antonio Fahie

Petitioner