# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:06-cv-01132-AWI-NEW (DLB) PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| H. TYSON, et al., | (Doc. 9) |
| Defendants. | |
| _____/ | |

I.     Findings and Recommendations Following Screening of Amended Complaint

      A.     Procedural History

      Plaintiff Antonio Fahie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 25, 2006. On October 13, 2006, plaintiff filed an amended complaint. Fed. R. Civ. P. 15(a). On March 5, 2007, the court screened plaintiff's amended complaint and found that it states a cognizable claim for relief against defendant Correa for use of excessive physical force, in violation of the Eighth Amendment, but does not state any other claims for relief. The court ordered plaintiff to either file a second amended complaint or notify the court of his willingness to proceed only on his excessive force claim. On March 28, 2007, plaintiff notified the court that he does not wish to file a second amended complaint and is willing to proceed only against defendant Correa for use of excessive force. Based on plaintiff's notice, this Findings and Recommendations now issues.

///

///

1

1

     B.    Screening Requirement

2       The court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

10       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

12 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

13 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

14 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

15 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only

16 if it is clear that no relief could be granted under any set of facts that could be proved consistent with

17 the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether

18 the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

19 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

20 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

21 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

22 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

23 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

24 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

25 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

26 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

27 266, 268 (9th Cir. 1982)).

28 ///

1    C.    Plaintiff's Claims

2    The events at issue in this action allegedly occurred at Kern Valley State Prison, where

3    plaintiff is presently incarcerated.  Plaintiff names Correctional Officers N. Correa, C. Rios, and R.

4    Morales, Captain H. Tyson, Sergeant C. Smith, and Appeals Coordinator D. Gricewich as

5    defendants.  Plaintiff is seeking money damages.

6    In his complaint, plaintiff alleges that on March 10, 2006, another inmate attempted to strike

7    plaintiff.  Plaintiff blocked the punch and the emergency alarm on the yard was sounded.  After

8    getting down on the ground as instructed, plaintiff was told to lie on his stomach and put his hands

9    behind his back by defendant Correa.  Plaintiff complied and was handcuffed.  While defendant

10   Correa was escorting plaintiff to the program office, Correa hit plaintiff in the jaw and threw plaintiff

11   on the ground.  Plaintiff sustained a broken jaw, a scraped and bruised back, and a sprained thumb.

12   Defendant Correa then asked for leg restraints, which were supplied by defendants Rios and

13   Morales.  Rios and Morales escorted plaintiff the rest of the way to the office and put him in a

14   holding cage.

15   Plaintiff was taken to the hospital for x-rays and was then escorted back to the yard by

16   defendant Smith.  When plaintiff expressed his desire to file a complaint against defendant Correa,

17   defendant Smith told plaintiff he would have to be placed in administrative segregation where he

18   would be denied privileges.  Defendant Smith instructed plaintiff to state for the video camera that

19   he was not hit by an officer and that he did not know where his injuries came from.  Plaintiff alleges

20   he complied due to defendant Smith's coercion.

21   Plaintiff subsequently filed an inmate appeal, which was not responded to by defendant

22   Gricewich.

23   On March 19, 2006, plaintiff received a Serious Rules Violation Report (CDC-115) for

24   mutual combat.  (Exhibit D.)

25   Plaintiff alleges that defendants Correa, Rios, and Morales made false statements in separate

26   CDC-128B forms the night plaintiff filed the inmate appeal.  (Id.)

27   Plaintiff alleges that defendant Tyson was made aware but failed to take any action.

28   ///

1.    Excessive Force Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort

///

repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations are sufficient to state a claim against defendant Correa for use of excessive physical force. Fed. R. Civ. P. 8(a). However, plaintiff has not alleged any facts that support a claim that any of the other named defendants were involved in the incident of force.

2.   Due Process Claim

Plaintiff alleges that defendants made false statements in reports and that he was issued a CDC-115. It appears plaintiff is attempting to pursue due process claims based on these allegations.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant

///

1  hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515
2  U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).
3      Plaintiff has not alleged any facts supporting a claim that he was deprived of a protected
4  liberty interest as a result of defendants' actions.  Because plaintiff has not alleged the existence of
5  a protected liberty interest, the allegations that defendants made false statements and he was issued
6  a CDC-115 do give rise to a claim for relief under section 1983 for denial of due process.
7      With respect to defendant Gricewich, plaintiff alleges that his due process rights were
8  violated when defendant failed to respond to his inmate appeal.  To state a claim under section 1983,
9  a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant
10 deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781
11 F.2d 1334, 1338 (9th Cir. 1986).  "[A prison] grievance procedure is a procedural right only, it does
12 not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.
13 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,
14 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement
15 to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence
16 of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640
17 (9th Cir. 1988).  Defendant Gricewich's failure to respond to plaintiff's appeal does not serve as the
18 basis for liability under section 1983.  Buckley, 997 F.2d at 495.
19           3.    Conspiracy Claim
20     Plaintiff alleges that defendants conspired to violate his rights.  In the context of conspiracy
21 claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the
22 existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791,
23 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir.
24 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt
25 act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th
26 Cir. 1974).
27     Plaintiff has not alleged any facts supporting the existence of a conspiracy between
28 defendants.  Further, plaintiff has not alleged facts demonstrating that any defendant other than

6

1  Correa violated his constitutional rights.   In order to state a cognizable claim for relief for

2  conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional

3  right.  Plaintiff has not done so and fails to state a conspiracy claim.

4              4.    <u>State Law Claims</u>

5        Plaintiff alleges supplemental claims for violation of state tort law.  California's Tort Claims

6  Act requires that a tort claim against a public entity or its employees be presented to the California

7  Victim Compensation and Government Claims Board, formerly known as the State Board of

8  Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910,

9  911.2, 945.4, 950-950.2 (West 2006).  Presentation of a written claim, and action on or rejection of

10  the claim are conditions precedent to suit.  <u>State v. Superior Court of Kings County (Bodde)</u>, 32

11  Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); <u>Mangold v. California Pub.</u>

12  <u>Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee,

13  a plaintiff must allege compliance with the Tort Claims Act.  <u>State v. Superior Court</u>, 32 Cal.4th at

14  1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los</u>

15  <u>Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988).

16        Plaintiff has not alleged that he complied with the Tort Claims Act.  Therefore, plaintiff may

17  not pursue any state law tort claims in this action.

18      D.    <u>Conclusion</u>

19        Plaintiff's complaint states a cognizable claim for relief against defendant Correa for use of

20  excessive physical force, in violation of the Eighth Amendment, but does not state any other claims

21  for relief.  Plaintiff was provided with the opportunity to file an amended complaint, but opted to

22  proceed only on his cognizable claim.  Accordingly, it is HEREBY RECOMMENDED that:

23        1.    This action proceed on plaintiff's amended complaint, filed October 13, 2006, against

24                defendant Correa for use of excessive physical force, in violation of the Eighth

25                Amendment;

26        2.    Plaintiff's excessive force claim against any defendant other than Correa, and

27                plaintiff's due process, conspiracy, and state law tort claims be dismissed, with

28                prejudice, for failure to state a claim upon which relief may be granted; and

3.      Defendants Rios, Morales, Tyson, Smith, and Gricewich be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    April 10, 2007              /s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

8