1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ANTONIO FAHIE,                               1:06-cv-01132-AWI-NEW(DLB) PC

12            Plaintiff,                          ORDER DENYING MOTION FOR
                                                 APPOINTMENT OF COUNSEL
13        v.
                                                 (Doc. 23)
14   N. CORREA,
                                                 ORDER ADDRESSING AND RESOLVING
15            Defendant.                         NOTICE

16   _____/           (Doc. 24)

17

18        Plaintiff Antonio Fahie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19   in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 11, 2007, plaintiff filed a motion

20   seeking the appointment of counsel and a notice relating to the court's order and findings and

21   recommendations filed on April 10, 2007.

22        The United States Supreme Court has ruled that district courts lack authority to require counsel

23   to represent indigent prisoners in § 1983 cases.  Mallard v. United States District Court for the Southern

24   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances,

25   the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v.

26   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and

27   compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional

28   cases.

                                              -1-

1    In the present case, the court does not find the required exceptional circumstances.  See Rand,

2  113 F.3d at 1525.  Even if it is assumed that plaintiff is not well versed in the law and that he has made

3  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court

4  is faced with similar cases almost daily.  Therefore, plaintiff's request for the appointment of counsel

5  shall be denied.

6    On April 10, 2007, after plaintiff was provided with the opportunity to file a second amended

7  complaint but declined to do so, the court recommended that this action proceed on plaintiff's amended

8  complaint, filed October 13, 2006, against defendant Correa for use of excessive physical force, in

9  violation of the Eighth Amendment, and that all other claims and defendants be dismissed.  Plaintiff's

10  notice of July 11 acknowledges that he notified the court he was willing to proceed only on his

11  cognizable claim against defendant Correa.  However, the notice also states in a conclusory sentence that

12  it is a late objection to the findings and recommendations.  The recommendation that this action proceed

13  only on plaintiff's claim against defendant Correa was adopted by the Honorable Anthony W. Ishii on

14  July 2, 2007, and defendant Correa subsequently waived service and filed a motion to dismiss on August

15  3, 2007.  Thus, in addition to the fact that plaintiff's late objection contradicts his voluntary agreement

16  to proceed only on his claim against defendant Correa, the objection was untimely, was received after

17  the recommendation was adopted, and did not set forth any actual objections.  By this order, the notice

18  has been addressed and deemed resolved.

19    Based on the foregoing, plaintiff's motion for the appointment of counsel, filed July 11, 2007,

20  is DENIED, and plaintiff's notice, filed July 11, 2007, is deemed ADDRESSED and RESOLVED.

21

22    IT IS SO ORDERED.

23    Dated:    **August 21, 2007**                    **/s/ Dennis L. Beck**

24                                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

-2-