# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:06-cv-01132-AWI-GSA PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | (Doc. 30) |
| H. TYSON, et al., | |
| Defendants. | ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST, WITHOUT PREJUDICE |
| _____/ | (Doc. 27) |

I.      Procedural History

       Plaintiff Antonio Fahie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed October 13, 2006, against defendant Correa ("defendant") for use of excessive force, in violation of the Eighth Amendment.  On August 3, 2007, defendant filed a motion to dismiss for failure to exhaust.  (Doc. 27.)  Plaintiff filed an opposition and a motion seeking the appointment of counsel on September 12, 2007, and after obtaining an extension of time, defendant filed a reply on October 12, 2007.[1]  (Docs. 29, 30, 35.)

///

///

_____

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 23, 2007.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 19.)

1

1  II.     Motion for the Appointment of Counsel

2          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

3  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

4  plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

5  District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional

6  circumstances the Court may request the voluntary assistance of counsel pursuant to section

7  1915(e)(1).  Rand, 113 F.3d at 1525.

8          Without a reasonable method of securing and compensating counsel, the Court will seek

9  volunteer counsel only in the most serious and exceptional cases.   In determining whether

10 "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

11 the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

12 of the legal issues involved."  Id. (internal quotation marks and citations omitted).

13         In the present case, the Court does not find the required exceptional circumstances.  Even if

14 it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

15 which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with

16 similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a

17 determination that plaintiff is likely to succeed on the merits, and based on a review of the record

18 in this case, the Court does not find that plaintiff cannot adequately articulate his claims.  Id.

19 Therefore, plaintiff's motion shall be denied.

20 III.    Defendant's Motion to Dismiss for Failure to Exhaust

21         A.      Exhaustion Requirement

22         Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

23 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

24 confined in any jail, prison, or other correctional facility until such administrative remedies as are

25 available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

26 administrative remedies prior to filing suit.  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney

27 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief

28 sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

1    731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,

2    Porter v. Nussle, 435 U.S. 516, 532 (2002).

3         Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

4    defense under which defendants have the burden of raising and proving the absence of exhaustion.

5    Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to

6    exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated

7    Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza

8    v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

9    In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

10   beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

11   concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

12   dismissal without prejudice.  Id.

13        B.    Discussion

14        The California Department of Corrections has an administrative grievance system for

15   prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting

16   a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal

17   level, first formal level, second formal level, and third formal level, also known as the "Director's

18   Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being

19   appealed, and the process is initiated by submission of the appeal to the informal level, or in some

20   circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section

21   1997e(a), California state prisoners are required to use this process to exhaust their claims prior to

22   filing suit.  Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

23        The Eighth Amendment claim at issue in this action accrued on March 10, 2006, when

24   defendant allegedly used excessive force against plaintiff during an incident on the yard.  Defendant

25   argues that plaintiff did not submit a grievance concerning the March 10, 2006, incident and he is

26   entitled to dismissal of this action for failure to exhaust.

27        In support of his motion, defendant submits evidence that B. Gricewich and R. Munoz are

28   the only appeals office employees who would have screened plaintiff's grievances during the

1  relevant time period, but neither received a grievance of the March 10, 2006, incident.  (Doc. 27-3,

2  Gricewich Dec., ¶¶8, 12; Doc. 27-4, Munoz Dec., ¶¶3, 5.)  Although plaintiff attached copies of the

3  grievances he allegedly submitted, defendant contends they do not bear dates stamps or category

4  numbers indicating submission to the appeals office.  (Id.)  Defendant argues that because the

5  grievance copies supplied by plaintiff lack date stamps or classification, and there are no routing

6  slips or screen-out forms, there is no proof the grievances were submitted to the appeals office for

7  review and plaintiff's claim to the contrary is unsubstantiated.

8        Plaintiff argues that prison officials prevented him from utilizing the appeals process by

9  failing to respond to his grievance and inquiry letter, which rendered the administrative remedies

10  unavailable.  In his amended complaint, plaintiff attests that the appeals coordinator refused to

11  answer his grievance and refused to answer the letter he sent regarding the matter, and that his

12  grievance was not logged in for processing.[2]  (Doc. 9, pgs. 2, 6, 13.)  Attached to plaintiff's amended

13  complaint and opposition are copies of the relevant grievance, dated March 16, 2006, and the letter

14  inquiring as to the status of the grievance, dated March 30, 2006.  (Doc. 9, pgs. 21, 26; Doc. 29, pgs.

15  11, 15.)  Plaintiff also submits the declaration of inmate Brian Burns, who attests that he saw

16  plaintiff send the grievance and inquiry letter to Gricewich, the appeals coordinator.  (Doc. 29, pg.

17  18.)

18        "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct.

19  2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and

20  other critical procedural rules . . . ," id. at 2386.  However, the failure by prison officials to respond

21  to a properly filed grievance may result in a finding that exhaustion occurred or that there were no

22  available remedies.  Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take

23

24        [2] Arguments or contentions set forth in a responding brief do not constitute evidence.  See Coverdell v.
25  Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).
   However, verified pleadings and opposition to motions constitute opposing affidavits.  Moran v. Selig, 447 F.3d 948,
26  759-60 (9th Cir. 2006); Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393,
   1399-1400 (9th Cir. 1998).  In this instance, plaintiff's amended complaint and opposition to the motion to dismiss
27  are both verified and shall be treated as affidavits to the extent they are "based on personal knowledge and set[] forth
   facts admissible in evidence and to which the affiant is competent to testify."  Lew v. Kona Hosp., 754 F.2d 1420,
28  1423 (9th Cir. 1985) (citation omitted).

4

1  unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison

2  employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to

3  prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006)));

4  Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to

5  prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure

6  to exhaust); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to

7  respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687,

8  698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust

9  where prison failed to respond to grievance); see also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th

10 Cir. 2005).

11         In this instance, plaintiff has submitted evidence that he timely drafted and submitted a

12 grievance concerning his excessive force claim against defendant Correa.  Although defendant

13 argues that there is no evidence the grievance was actually submitted, the Court cannot disregard

14 plaintiff's evidence that he timely submitted a grievance but did not receive any response to the

15 grievance or any response to the subsequent inquiry letter.  The statements of Gricewich and Munoz

16 under penalty of perjury are not entitled to greater weight than plaintiff's statements and those of his

17 witness under penalty of perjury.  While the absence of evidence that a grievance was officially filed

18 may indicate plaintiff never submitted the grievance, it may also indicate that the grievance was

19 discarded or ignored by staff, as plaintiff contends.  See Spence v. Director of Corr., 2007 WL

20 61006, No. CIV S-05-0690 GEB KFM PC, *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are

21 interfering with inmates' ability to properly file their 602s, then there will be no official record of

22 the 602s having been 'accepted.'"), findings and recommendations adopted in full, 2007 WL 738528

23 (E.D.Cal. Mar. 6, 2007).  In a situation such as this in which the parties offer differing versions of

24 events based on competing declarations, the issue is one of witness credibility and the Court cannot

25 make that requisite assessment on a motion to dismiss.

26         The Court is not finding that plaintiff exhausted.  Rather, at this juncture and on the record

27 before it, the Court simply cannot find that plaintiff failed to exhaust, and defendant's motion to

28 dismiss must be denied.

IV.     Conclusion and Order

        Based on the foregoing, it is HEREBY ORDERED that:

        1.      Plaintiff's motion for the appointment of counsel, filed September 12, 2007, is

                DENIED; and

        2.      Defendant's motion to dismiss for failure to exhaust, filed August 3, 2007, is

                DENIED, without prejudice.


IT IS SO ORDERED.

**Dated:    October 17, 2007**              _____/s/ Anthony W. Ishii_____
                                            UNITED STATES DISTRICT JUDGE