# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE,<br><br>                     Plaintiff,<br><br>        v.<br><br>H. TYSON, et al.,<br><br>                     Defendants.<br>_____/ | CASE NO. 1:06-cv-01132-AWI-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINES AND TO SERVE ADDITIONAL INTERROGATORIES, WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS<br><br>(Doc. 52)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 53) |

Plaintiff Antonio Fahie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed October 13, 2006, against Defendant Correa ("Defendant") for use of excessive force, in violation of the Eighth Amendment.  On May 22, 2008, Plaintiff filed a motion seeking an extension of the amended pleadings and discovery deadlines, and leave to serve twenty additional interrogatories on Defendant.  On June 16, 2008, Plaintiff filed a motion seeking the appointment of counsel.

Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b).  In this instance, Plaintiff seeks an extension of the amended pleadings deadline because he might discover additional facts upon which to base an amendment to his complaint.  Further,

///

Plaintiff seeks to propound additional interrogatories on Defendant and seeks an extension sufficient to allow this additional discovery and a motion to compel if necessary.

Plaintiff's claim arises out of an incident which occurred on March 10, 2006, and Plaintiff has amended once as a matter of right. Fed. R. Civ. P. 15(a). Based on Plaintiff's request, it appears speculative at best that Plaintiff has grounds to amend. The Court declines to extend the deadline based on Plaintiff's conjecture that he *might* discover facts enabling him to amend. The Court will allow Plaintiff to renew his request within thirty days, supported by a showing of good cause.

Absent leave of court, Plaintiff may only serve Defendant with twenty-five interrogatories. Fed. R. Civ. P. 33(a). Plaintiff seeks leave to propound twenty additional interrogatories, but does not provide any information on the content of the interrogatories already served or the content of the proposed interrogatories. The Court will not allow a party to exceed the limit set in the Federal Rules of Civil Procedure based on a bare, unsupported statement that further information is needed. In order for the Court to ensure that the discovery sought is not improper, the Court must have before it the discovery and proposed discovery at issue. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff shall have thirty days within which to renew his request. The parties are placed on notice that in reviewing the interrogatories already served and the proposed interrogatories, Plaintiff's status as a layman will be considered and Plaintiff will not be held to the skill level of an attorney.

Finally, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking an extension of the amended pleadings and discovery deadlines, and leave to serve twenty additional interrogatories on Defendant, filed May 22, 2008, is DENIED, without prejudice;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff may renew his motion to make the showing required by this order; and

3. Plaintiff's motion for the appointment of counsel, filed June 16, 2008, is DENIED.

IT IS SO ORDERED.

Dated:   **June 18, 2008**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE