# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE,<br><br>             Plaintiff,<br><br>   v.<br><br>H. TYSON, et al.,<br><br>             Defendants.<br>_____ / | CASE NO. 1:06-cv-01132-AWI-GSA PC<br><br>ORDER (1) GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE, LIMITED TO RESOLVING PLAINTIFF'S REQUESTS FOR ADMISSION SERVED ON JULY 1, 2008, AND (2) REQUIRING DEFENDANT TO SERVE A RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION WITHIN THIRTY DAYS<br><br>(Doc. 55) |

Plaintiff Antonio Fahie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed October 13, 2006, against Defendant Correa ("Defendant") for use of excessive force, in violation of the Eighth Amendment. On July 7, 2008, Plaintiff filed a renewed motion seeking an extension of the discovery deadline to complete discovery with respect to requests for admission served on Defendant on July 1, 2008. Defendant filed an opposition to the motion on July 22, 2008, and Plaintiff filed a reply on July 31, 2008.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If

///

the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

The requests for admission at issue were served on Defendant after Plaintiff received responses to his first request for the production of documents and first set of interrogatories. Plaintiff represents that he received the responses through institutional mail on May 28, 2008, and that he is allowed to attend the law library every Tuesday. Plaintiff attended the law library on June 3, 2008, where he obtained the assistance of another inmate. Thereafter, the library was closed on June 10, 2008, and June 17, 2008, and the copy machine was not functioning on June 17, 2008, and June 24, 2008.

The Court is not persuaded by Defendant's argument that Plaintiff has not shown due diligence because he did not initiate discovery until February 26, 2008, which was approximately two months after discovery opened, and because he foresaw the need for additional discovery in May but did not serve his requests for admission until July. The deadline for the completion of all discovery was July 28, 2008. Plaintiff's motion for an extension of time was timely filed and the Court finds nothing unreasonable about basing a determination whether further discovery is needed upon a review of discovery responses received. Plaintiff has addressed the delay between the receipt of the responses he needed to review on May 28, 2008, and service of the requests for admission on July 1, 2008. Although Defendant argues that the law library closures and lack of copier access do not excuse the delay, Defendant has provided no support for this argument. Based on the Court's experience and Plaintiff's declaration, it would appear that the law library is the location at which Plaintiff is permitted to work on his legal case and make the copies necessary for service. If that is the case, and there is no information upon which to draw a different conclusion, the library closures and lack of availability of the photo copy machine are directly relevant to the delay.

Defendant was the recipient of an extension of time to respond to Plaintiff's interrogatories and requests for the production of documents, and there is no compelling argument why Plaintiff should be denied a similar extension to complete discovery. Plaintiff has propounded one request for the production of documents and one set of interrogatories, and seeks an extension of the deadline to obtain a response to a set of requests for admission. There has been no showing that

Plaintiff has engaged in abusive, harassing, or overly burdensome discovery, and the Court finds that Plaintiff has supported his request with a showing of good cause. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of the discovery deadline, filed July 7, 2008, is GRANTED;

2. The extension applies only to the requests for admission served on July 1, 2008, and, if necessary, a motion to compel;

3. Defendant shall serve Plaintiff with a response to the requests for admission within **thirty (30) days** from the date of service of this order; and

4. If Plaintiff deems a motion to compel necessary, it must be filed within **thirty (30) days** from the date of service of Defendant's response.

IT IS SO ORDERED.

Dated:   **August 24, 2008**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE