# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE,<br><br>    Plaintiff,<br><br>    v.<br><br>H. TYSON, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:06-cv-01132-AWI-GSA PC<br><br>ORDER DENYING MOTION FOR COPY OF DEPOSITION TRANSCRIPT<br><br>(Docs. 61 and 70) |

Plaintiff Antonio Fahie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 6, 2008, Plaintiff filed a motion seeking a transcript of his deposition taken on June 26, 2008. Defendant filed an opposition on November 20, 2008. Plaintiff filed a second request on December 18, 2008, and Defendant filed an opposition on December 29, 2008.[1]

Plaintiff is entitled to review the deposition transcript for thirty days and submit a signed statement listing any changes if, prior to the completion of the deposition, Plaintiff made a request for review. Fed. R. Civ. P. 30(e)(1). Further, Plaintiff must be provided with a copy of the deposition transcript if he pays the reasonable charges. Fed. R. Civ. P. 30(f)(3).

Plaintiff has not submitted any evidence that prior to the completion of the deposition, he requested to review it once the transcript was completed, and Plaintiff has made no showing that he is willing to pay for the transcript. Although Plaintiff is proceeding in forma pauperis, that status

---

[1] Plaintiff's second request is responsive to Defendant's opposition to his first motion, and should be treated as a reply, with Defendant's second opposition treated as a surreply.

1 does not allow for a free copy of the deposition transcript. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).

For these reasons, Plaintiff's motion for a copy of his deposition transcript is HEREBY DENIED.[2]

IT IS SO ORDERED.

Dated:   **January 22, 2009**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant addressed Plaintiff's request as, in part, a motion to compel. The Court does not construe the motion as one to compel the production of a transcript and such a motion would be barred as untimely in any event, as the discovery deadline was July 28, 2008.

2