UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIA FANIE, | ) | 1:06-CV-1132-AWI-GSA-P |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES** |
| vs. | ) | |
| H. TYSON, et al., | ) | |
| | ) | (Document #65) |
| Defendant. | ) | |

Plaintiff, Antonio Fahie ("Plaintiff"), is state prisoner who filed a civil action that alleges Defendant used excessive force in violation of the Eighth Amendment. On November 4, 2008, the court issued its Second Scheduling Order. This order set a telephonic trial confirmation hearing for February 17, 2009 and the trial for March 23, 2009. The Second Scheduling Order also informed Plaintiff the procedures for obtaining the attendance of witnesses.

On November 24, 2008, Plaintiff filed a motion for the attendance of ten incarcerated witnesses. The court must deny Plaintiff's motion for the attendance of incarcerated witnesses at this time. Plaintiff has failed to provide declarations stating that each of the incarcerated witnesses is willing to testify and stating what relevant information each witness can offer. As explained in the November 24, 2008 order, Plaintiff can show the willingness of the prospective witness to testify by either swearing by declaration under penalty of perjury that the prospective witness has informed the party that he is willing to testify or the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness states

that he is willing to testify.   The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.   Plaintiff has not provided any declarations or other evidence concerning these witnesses' willingness to testify and the relevant facts they will testify about.

       Accordingly, the court ORDERS that Plaintiff's motion for the attendance of incarcerated witnesses is DENIED.

IT IS SO ORDERED.

**Dated:   February 11, 2009**                             /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE