UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO FAHIE, | ) | 1:06-CV-1132-AWI-GSA-P |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | COMPEL THE ATTENDANCE OF UN- |
| vs. | ) | INCARCERATED WITNESSES |
| | ) | |
| H. TYSON, et al., | ) | |
| | ) | (Documents #66 and #67) |
| Defendant. | ) | |

    Plaintiff, Antonio Fahie ("Plaintiff"), is state prisoner who filed a civil action that alleges Defendant used excessive force in violation of the Eighth Amendment.  On November 4, 2008, the court issued its Second Scheduling Order.  This order set a telephonic trial confirmation hearing for February 17, 2009 and the trial for March 23, 2009.  The Second Scheduling Order also informed Plaintiff the procedures for obtaining the attendance of witnesses.

    On November 24, 2008, Plaintiff filed a motion to compel the attendance of un-incarcerated witness Brian Burns.  On November 24, 2008, Plaintiff also filed a motion to compel the attendance of Correctional Officer S. Ballesteros.

    The court must deny Plaintiff's motions for the attendance of un-incarcerated witnesses at this time.  If a prospective witness is not incarcerated, and he or she refuses to attend trial voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id.  An un-incarcerated witness must be given the daily witness fee of $40.00 plus the witness's

travel expenses. 28 U.S.C. § 1821.  Plaintiff has stated no willingness or ability to pay witness fees.  The fact that Plaintiff is proceeding in pro per and in forma pauperis pursuant to 28 U.S.C. § 1915 neither excuses Plaintiff's requirement to pay the witness fees nor provides funds for the court to pay the witness fees.  See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989).  While the court will order service of subpoenas on Plaintiff's witnesses by the United States Marshals, the court cannot waive payment of the fees or expenses for those witnesses.  Hadsell v. C.I.R., 107 F.3d 750, 752 (9th Cir. 1997).

The court has calculated the witness fees for Plaintiffs un-incarcerated witnesses.  The witness fee for Brian Burns would be $40.00 a day.  His travel expenses are $244.20.  Thus, if Plaintiff desires Brian Burns to testify, Plaintiff must provide the court will a money order made out to Brian Burns for $284.20.   The witness fee for S. Ballesteros is $40.00 a day.  His travel expenses are $84.81.  Thus, if Plaintiff desires S. Ballesteros to testify, Plaintiff must provide the court with a money order made out to S. Ballesteros for $124.81.  If Plaintiff is willing to pay the witness fees, Plaintiff should provide the money orders to the court by February 20, 2009.

Accordingly, the court ORDERS that Plaintiff's motions for the attendance of un-incarcerated witnesses are DENIED without prejudice to Plaintiff providing money orders for the witness fees and expenses.  Any money orders SHALL be made out as described above and SHALL be provided to the court by February 20, 2009.

IT IS SO ORDERED.

**Dated:     February 11, 2009**              /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE