# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:06-cv-01132-AWI-GSA PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S |
| v. | MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES, AND |
| N. CORREA, | REQUIRING PLAINTIFF TO SELECT THREE WITNESSES WITHIN FIFTEEN |
| Defendant. | DAYS |
| _____/ | (Doc. 83) |

Plaintiff Antonio Fahie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on May 18, 2009. On February 17, 2009, Plaintiff filed a motion seeking the attendance of incarcerated witnesses. Defendant Correa ("Defendant") filed an opposition on March 10, 2009.

Plaintiff seeks the attendance of twelve incarcerated witnesses, and submits declarations signed by all twelve inmates. Defendant objects on the grounds that Plaintiff's motion provides no information on the witnesses' willingness to testify at trial as required by the scheduling order, and that the joint declaration signed by inmates Burns, Sanders, Marain, Kurtz, Sparlonan, Johnson, Rivera, and Salazar does not specify who was on the yard and how they were able to see or hear what happened.

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude the Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken

1

into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

Plaintiff claims that on March 10, 2006, Defendant used excessive physical force against him, in violation of the Eighth Amendment. The alleged incident occurred on the yard at Kern Valley State Prison. Proposed witnesses John B. Berberena, Ortiz, and Hernandez were not ear or eye witnesses to the incident, and for that reason, Plaintiff's motion for their attendance is denied.

Proposed witnesses Burns, Sanders, Marain, Kurtz, Sparlonan, Johnson, Rivera, and Salazar signed a declaration stating that Defendant turned and punched Plaintiff in the jaw with his fist, and slammed Plaintiff to the ground during the escort to the program office. Proposed witness Renate signed a declaration stating that through the law library window, he saw Defendant hit Plaintiff in the face area and slam him to the ground. Witnesses Burns and Sparlonan have been released on parole, and their attendance may only be secured if Plaintiff is able to provide physical addresses for them and submit the witness fee of $40.00 a day plus travel expenses for each, which leaves seven potential inmate witnesses.

The Court is satisfied that the group declaration, although it does not specifically state the inmates were on the yard and does not state their locations during the incident, demonstrates that the inmates witnessed the incident at issue. Nothing in the declaration's wording suggests they did not actually see the incident, and the statement, made without any limitations, that Defendant hit Plaintiff in the jaw and slammed him to the ground indicates that they did see the incident.

Plaintiff's motion for the attendance of all seven is denied because their proposed testimony is cumulative. See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002)

1  (trial courts have wide discretion to limit the presentation of cumulative evidence); <u>Cummings v.</u>
2  <u>Adams</u>, No. CV F 03 5294 DLB, 2006 WL 449051, *3 (E.D.Cal. Feb. 12, 2006) (proposed inmate
3  witnesses limited to three of six due to cumulativeness).  Plaintiff may choose three inmate
4  witnesses, and the Court will order their transportation for trial.

5      Inmates Sanders and Renate are currently housed at prisons which are significant distances
6  from the courthouse.  Inmates Marain, Kurtz, Johnson, Rivera, and Salazar are housed at prisons
7  within fairly close proximity to the courthouse.  Taking into account the disruption caused by prison
8  transfers, and the expense and administrative burden incurred by the State in transporting inmates
9  long distances, the Court declines to grant the motion as to Sanders and Renate, absent a showing
10 by Plaintiff that he requires one or both inmates to be part of the three transported for trial.
11 Therefore, between inmates Marain, Kurtz, Johnson, Rivera, and Salazar, Plaintiff shall select three
12 and notify the Court of his selection within fifteen days.[1]

13      Based on the foregoing, it is HEREBY ORDERED that:

14     1.    Plaintiff's motion for the attendance of twelve incarcerated witnesses, filed February
15           17, 2009, is GRANTED IN PART AND DENIED IN PART;

16     2.    Plaintiff is permitted to call three inmate witnesses to testify;

17     3.    Inmates Marain, Kurtz, Johnson, Rivera, and Salazar are eligible to testify on
18           Plaintiff's behalf, and within **fifteen (15) days** from the date of service of this order,
19           Plaintiff shall notify the Court which three he wishes to have transported for trial; and

20     4.    If Plaintiff fails to comply with this order, the Court will select his three inmate
21           witnesses for him.

22

23     IT IS SO ORDERED.

24  **Dated:    March 26, 2009**            **/s/ Gary S. Austin**
25                                 UNITED STATES MAGISTRATE JUDGE

26

27  _____

28      [1] The Court has no information before it concerning the security risks or the inmates' release dates, if any.
    Therefore, those factors were not considered.  <u>Wiggins</u>, 717 F.2d at 468 n.1.