EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:06-cv-01132-GSA PC |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO VACATE TRANSPORTATION WRITS FOR INMATES JOHNSON AND RIVERA |
| v. | |
| N. CORREA, | (Doc. 111) |
| Defendant. | |

This is a civil rights action filed by Plaintiff Antonio Fahie, a state prisoner proceeding pro se and in forma pauperis. This action arises out of the alleged violation of Plaintiff's rights under the United States Constitution, and is set for jury trial on May 18, 2009, on Plaintiff's Eighth Amendment excessive force claim against Defendant N. Correa. On March 26, 2009, Plaintiff's motion for the attendance of incarcerated witnesses was granted in part, and the Court ordered the transportation of inmates Johnson, Rivera, and Marain for trial. On April 29, 2009, Defendant filed a motion seeking to vacate the transportation writs for inmates Johnson and Rivera.

Defendant argues that the writs should be vacated because Johnson did not witness the event at issue in this action, and Rivera is not willing to testify voluntarily. In support of his motion, Defendant offers the declarations of both inmates, dated April 28, 2009. Johnson attested that while he was on the yard at the time, he did not witness Defendant taking Plaintiff to the ground, striking Plaintiff, or using any force against Plaintiff, and has no testimony to give on the matter. Rivera attested that he is unwilling to testify at trial.

///

1

In support of his motion for the attendance of incarcerated witnesses, Plaintiff offered a group witness declaration, signed under penalty of perjury on March 16, 2006, in which the inmates attested that Defendant punched Plaintiff in the jaw with a closed fist and slammed Plaintiff to the ground. Johnson and Rivera, along with other inmates, signed the declaration.

With respect to Johnson, the Court has before it two contradictory declarations signed under penalty of perjury. Johnson either saw a use of force against Plaintiff or he did not. The content of his testimony and his credibility as a witness are issues for trial. The declaration offered by Defendant is not entitled to greater weight simply because it was more recently signed. It is not appropriate for the Court to make a determination, based on the record currently before it, that the declaration obtained by Plaintiff is not credible while the declaration obtained by Defendant is credible. Whether this witness will be helpful to Plaintiff remains to be seen, but Plaintiff is entitled to call the witness.

With respect to Rivera, while the 2006 declaration does not state the inmates are willing to testify at trial, their willingness to sign the declaration at all suggests some level of willingness to become involved, at least at that time. The Court previously addressed this issue, stating that demonstrated willingness to testify is not dispositive. See Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (outlining factors to be considered in transporting an incarcerated witness). Rivera's attestation that he is not willing to testify does not alter the Court's ruling. Rivera may choose to be transported to trial and to testify, or he may either refuse to be transported or refuse to testify if transported.[1] Plaintiff is entitled to an attempt at having this witness appear at trial and testify. As with Johnson, the outcome remains to be seen.

///

///

///

///

---

[1] In determining which witnesses to transport, the Court took their locations into consideration. Johnson, Rivera, and Marain are all housed at Kern Valley State Prison, which is within a reasonable driving distance of the courthouse.

2

For the reasons set forth herein, Defendant's motion for an order vacating the transportation writs for inmates Johnson and Rivera, filed April 29, 2009, is HEREBY DENIED.


IT IS SO ORDERED.

**Dated:**   **May 6, 2009**                   _____ /s/ **Gary S. Austin**_____
                                                                     UNITED STATES MAGISTRATE JUDGE