# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FAHIE, | CASE NO. 1:06-cv-01132-GSA PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 116 and 117) |
| N. CORREA, | |
| Defendant. | |

Plaintiff Antonio Fahie is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on May 18, 2009, at 9:00 a.m. on Plaintiff's claim that Defendant Correa used excessive physical force against him, in violation of the Eighth Amendment of the United States Constitution.

On May 11, 2009, Plaintiff filed a motion seeking an order mandating his transfer to Kern Valley State Prison or Pleasant Valley State Prison. Plaintiff contends that he was endorsed for transfer to either of those prisons after being placed in segregation on January 6, 2009, due to safety concerns. Plaintiff contends that the Attorney General stopped the transfer by removing Plaintiff's file from the prison. Plaintiff requests that the Court issue an order enforcing the transfer decision.

Plaintiff does not have a federally protected right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Further, even if there existed a legal basis for the issuance of such an order, the pendency of this action does not confer upon the Court any jurisdiction to issue an order

1 | directing prison officials to transfer Plaintiff to another prison or any other order that seeks to remedy
2 | Plaintiff's current conditions of confinement. City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103
3 | S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

Also on May 11, 2009, Plaintiff filed a motion seeking an order prohibiting defense counsel from contacting Plaintiff's inmate witnesses. There are no grounds to preclude Defendant from interviewing Plaintiff's witnesses. In any event, on May 6, 2009, the Court issued an order denying Defendant's motion to vacate the transportation writs for two of Plaintiff's witnesses. Because Defendant's motion to vacate two of the writs was denied, the issue is moot, and the transportation writs for Plaintiff's three witnesses remain in effect.

For the reasons set forth herein, Plaintiff's motions are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 14, 2009**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE